# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Enrique Hidalgo,

              Debtor.

_____/

Case No. 26-30633-jda

Chapter 13

Hon. Joel D. Applebaum

## OPINION AND ORDER DENYING DEBTOR'S MOTION TO REINSTATE CHAPTER 13 CASE

This matter is before the Court on debtor Enrique Hidalgo's Motion to Reinstate Chapter 13 Case (the "Motion"). For the reasons set forth below, the Motion is DENIED.

## FACTS

On July 6, 2026, this Court entered its Order dismissing this case (Dkt. 26) based upon the Trustee's Notice/Affidavit of Default. (Dkt. 25) because Debtor failed to comply with this Court's May 20, 2026 Order Adjourning Confirmation Hearing (Dkt. 21)("Adjournment Order"). The Adjournment Order required Debtor to do two things on or before June 15, 2026 or the case could be dismissed without further notice or hearing:

(1) File a payment order and affidavit regarding the withdrawal of funds; and

(2) Provide the deed and a recent SEV for 111 SW 7th Court, a copy of the Judgment of Divorce, and the contract for a 2019 Lexus.

Debtor did neither.

On July 7, 2026, Debtor filed the present *Ex Parte* Motion to Reinstate Case. (Dkt. 27). With respect to the first condition identified above, Debtor asserts that he sent a wage order to the Trustee's office on May 17, 2026, but there was a discrepancy in the amount listed on the wage order and it did not get approved. (Mtn.¶ 7).   With respect to the second condition, Debtor asserts that he had to go to Florida to obtain the deed and a signed copy of the divorce judgment, and that he intends to surrender the Lexus. (Mtn. ¶ 11, 13).   Debtor does not provide any explanation for his failure to timely comply with the Adjournment Order.   He simply asserts: (1) he has now signed a declaration regarding withdrawal of the funds and will file that document as soon as the case is reinstated (Mtn. ¶¶ 8.9), and (2) he has uploaded the deed and copy of the divorce judgment to the Trustee. (Dkt. 12).

On July 20, 2026, the Trustee filed her Objection to Debtor's Motion to Reinstate. (Dkt. 32) ("Objection").   According to the Trustee, on June 16, 2026, she sent Debtor's attorney an email reminding her of the requirements of the Adjournment Order.   The Trustee did not receive a response to her email or a request for an extension of the deadline. (Objection, ¶ 3).   Having received neither, the Trustee filed the Affidavit of Default on July 2, 2026.

<u>ANALYSIS</u>

As a preliminary matter, as the Trustee correctly explains in her Objection, this Court follows the bench ruling by the Hon. Phillip Shefferly in *In re O'Neal*, Case No.

2

19-48469 (October 15, 2019), holding that E.D. Mich. LRB 9024-1(c) obviates the requirements of Rule 60(b) *only* when a case is dismissed by the Court *sua sponte*, such as when the Court dismisses a case for failure to pay the filing fee. The relief Debtor seeks, therefore, falls within Fed. R. Civ. P. 60(b), which provides in pertinent part:

 **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party. . . from a final. . . order . . . for the following reasons:
 **(1)** mistake, inadvertence, surprise, or excusable neglect;
 **(2)** newly discovered evidence . . .
 **(3)** fraud . . .
 **(4)** the judgment is void;
 **(5)** the judgment has been satisfied . . .
 **(6)** any other reason that justifies relief.

Relief under Rule 60(b)(1) *requires* a showing of "excusable neglect." No such showing has been attempted here. Debtor's Motion does not explain why he failed to meet the requirements in this Court's Adjournment Order. He simply alludes to an unexplained "discrepancy" in the Wage Order, and that the wage order was not approved. He does not explain what, if any, efforts were made to address this discrepancy or why it could not be addressed by the deadline. He also asserts that he had to go to Florida to get the deed and the Judgment of Divorce, but he does not say why *he* had to go to Florida, when he actually obtained these documents, including the contract for the Lexus, or why he could not meet the deadline. Moreover, nothing in the Motion explains counsel's failure to respond to the Trustee's courtesy reminder or request an extension of the deadline. While Debtor claims that he has now complied

3

with the Adjournment Order or he will be able to comply once the case is reinstated, this is not an argument supporting a claim of excusable neglect. Rather, it is simply an acknowledgement that he failed to comply with this Court's Adjournment Order but is willing to do so now. This newfound willingness to comply with an order of the Court does not satisfy the requirements of Rule 60(b)(1).

Nor is Debtor entitled to relief under Rule 60(b)(6). Relief under Rule 60(b)(6) is available only when "the other grounds for relief specified in Rules 60(b)(1)-(5) are inapplicable. Even then, 'extraordinary circumstances' must justify [relief]." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (internal citation omitted). No such "extraordinary circumstances" are alleged to exist here.

ORDER

For the above-stated reasons,

IT IS HEREBY ORDERED that Debtor's Motion to Reinstate Chapter 13 Case is DENIED.

**Signed on August 3, 2026**



/s/ Joel D. Applebaum

**Joel D. Applebaum**
**United States Bankruptcy Judge**

4